UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Petters Company, Inc., et al.,            Court File No. 08-45257

          Debtors,

Court File Nos.:

(includes:
| | |
|---|---|
| Petters Group Worldwide, LLC; | 08-45258 (GJK) |
| PC Funding, LLC; | 08-45326 (GJK) |
| Thousand Lakes, LLC; | 08-45327 (GJK) |
| SPF Funding, LLC; | 08-45328 (GJK) |
| PL Ltd., Inc.; | 08-45329 (GJK) |
| Edge One LLC; | 08-45330 (GJK) |
| MGC Finance, Inc.; | 08-45331 (GJK) |
| PAC Funding, LLC | 08-45371 (GJK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GJK) |

Chapter 11 Cases
Judge Gregory F. Kishel

Douglas A. Kelley, in his capacity as the
court-appointed Chapter 11 Trustee of
Debtor Petters Company, Inc.,

          Plaintiff,           ADV No. 10-04261

vs.

Daniel L. Gelb and Plaza I, Inc.,

          Defendants.

## ANSWER

COMES NOW the Defendants, Daniel L. Gelb ("Gelb") and Plaza I, Inc. ("PII"), by and through their undersigned attorney, and as and for their answer to the Complaint in this adversary proceeding, state and allege as follows:

1. Defendants deny each and every allegation, statement and thing contained in the Complaint herein, except as expressly admitted, qualified or otherwise pled to in this Answer.

2. Defendants generally admit the allegations set forth in paragraphs 1, 2, 3 and 4 of the Complaint herein.

3. Defendants lack sufficient information, knowledge or belief upon which to form an opinion as to the truth or falsity of allegations contained in the section entitled "Procedural Background" as set forth in paragraphs 5, 6, 7, 8, 9 and 10 of the Complaint herein, and therefore deny the same and put Plaintiff to his strict proof thereof.

4. Defendants generally admit the allegations contained in the section entitled "Jurisdiction, Venue and Standing" as set forth in paragraphs 11, 12, 13 and 14 of the Complaint herein

5. Defendants generally admit the allegations contained in the section entitled "Nature of Proceeding" as set forth in paragraphs 15 and 16 of the Complaint herein.

6. With respect to the allegations contained in the section entitled "Factual Background – The Petters Ponzi Scheme" of the Complaint herein, as set forth in paragraphs 17 through 36, inclusive:  Defendants lack sufficient information, knowledge or belief upon which to form an opinion as to the truth or falsity of allegations set forth therein, and therefore deny the same and put Plaintiff to his strict proof thereof.  Notwithstanding and without limiting

the foregoing, the Defendants specifically deny the allegations set forth in paragraphs 30, 34 and 36.

7. With respect to the allegations set forth in paragraph 30 of the Complaint herein: The Defendants believe that the Petters Entities did in fact operate real businesses and that they had funds with which to pay creditors that were not necessarily derived from the alleged fraudulent Ponzi Scheme.

8. With respect to the allegations set forth in paragraph 34 of the Complaint herein: If the Petters transactions were in fact fundamentally inconsistent with regular commercial practices, the fraud was discoverable at a point in time before the Plaintiff's appointment as receiver. For this and other reasons, the Defendants deny that the alleged Petters' fraudulent schemes were not discoverable before the Plaintiff's appointment as receiver.

9. With respect to the allegations set forth in paragraph 36 of the Complaint herein: The Defendants deny that the applicable temporal limitations have been tolled, and deny that there are sufficient grounds and cause for the equitable tolling of the applicable temporal limitations.

10. With respect to the allegations set forth in paragraph 37 of the Complaint herein: Defendants admit that they transferred money to PCI in a series of transactions. Defendants assert and maintain that such transactions were proper loan transactions entered into in the ordinary course of business, on commercially reasonable terms (in the context of the transactions and the market more generally). Defendants further assert and maintain that each and all of the transactions occurred in or prior to the year 2001. Defendants assert

   and maintain that the subject transactions all took place beyond the Statute of Limitations and are not avoidable. Moreover, the transactions must be viewed in light of the context that existed at the time of the transactions.

11. With respect to the allegations set forth in paragraph 38 of the Complaint herein: Defendants admit that they received payments in the nature of loan repayments of principal and interest. Defendants deny the Plaintiff's characterization of these transactions as distributions from a Ponzi Scheme or as false profits. Defendants had no knowledge of the Petters Ponzi Scheme and had no good reason or cause to believe that their transactions were anything other than proper business transactions conducted at arms length and on commercially reasonable terms.

12. With respect to the allegations set forth in paragraph 39 of the Complaint herein: Defendants deny that they had any knowledge of the fraudulent mechanisms described in the Complaint, had no notice, cause or reason to believe that the transactions were part of any fraudulent scheme and deny that they were in fact a part of any fraudulent scheme, and put Plaintiff to his strict proof thereof. Defendants acknowledge that they entered into and fully performed a series of transactions with PCI. However, the transactions were a series of loans in which the Defendants loaned money to the Petters Entities, were repaid their principal and interest, and then re-loaned the same principal balances. Defendants deny that the rates of return were excessive. Defendants maintain that the rates of return paid were consistent with numerous other transactions in which the Defendants engaged with third

        parties during the same time frames and in similar contexts, and were not excessive in light of all of the facts and circumstances and in the context of loan transactions of similar types and natures.

13. Defendants generally admit the allegations set forth in paragraph 40 of the Complaint herein and assert and maintain that the rates received were comparable to other investments and transactions made by the Defendants during the same time frame and which fairly reflected the nature of the transactions as structured by the Petters Entities.

14. With respect to the allegations set forth in paragraph 41 of the Complaint herein: Defendants maintain that all of the transactions occurred and all of the payments made by the Petters Entities to the Defendants took place between June 1999 and June 2001, and no payments were received after 2001. The payment transactions included the return of principal which was serially reinvested by the Defendants. Consequently, although the Defendants generally admit that they received payments, the amounts alleged to have been received is misleading because Plaintiff fails to take into account the fact that in each instance, the Defendants re-advanced essentially the same principal balances.

15. With respect to the allegations set forth in paragraph 42 of the Complaint herein: Defendants lack sufficient information upon which to from an opinion as to the truth or falsity of the allegations contained therein, and therefore deny the same and put the Plaintiff to his strict proof thereof. Defendants believed, reasonably and in good faith, that the transactions were genuine and

        proper business transactions. Mr. Petters personally and the Petters Entities were well reputed. The Defendants' transactions with the Defendants appeared, for all intents and purposes, to be real, genuine, proper business transactions. Defendants had no good cause or reason to suspect that the transactions were fraudulent or that the underlying transactions were fabricated transactions.

16. Defendants deny the allegations set forth in paragraph 43 of the Complaint herein and affirmatively assert that the transactions appeared for all intensive purposes to valid, proper business transactions; the rates of return promised were consistent with other transactions in which Defendants had engaged with third parties; and given the nature, context and appearance of the transactions, they all appeared valid and proper. For these and other reasons the subject transactions did not appear to be inconsistent with general commercial practice for similar transactions. Defendants had no duty or obligation to conduct a performance audit or match purchase orders, wire transfers or other transactional documents with the purported purchases of electronic equipment that the Defendants were financing, nor to review financial statements or other data.

17. With respect to the allegations set forth in paragraph 44 of the Complaint herein: Defendants generally admit that they received loan repayments, but lack sufficient information upon which to form an opinion or belief as to the source of the funds repaid. Defendants maintain that the subject transfers

were intended to be and were in fact legitimate repayments of principal and contractually promised interest.

18. With respect to the allegations set forth in paragraph 45 of the Complaint herein: Defendants generally admit that they received interest in the amounts stated, but specifically deny that these were False Profits.

19. With respect to the allegations set forth in paragraphs 46 and 47 of the Complaint herein: Defendants maintain that the statements contained therein do not assert factual allegations to which any proper answer may be had; but rather assert procedural matters to which no admission or denial may be properly made.

20. With respect to the allegations contained in Count I of the Complaint herein, as set forth in paragraphs 48 through 51, inclusive: Defendants deny these allegations; and in particular, specifically deny that the payments made constitute property of the estate. The funds paid to the Defendants were paid over ten years previously, and some as much as eleven years ago. These funds do not exist intact. Consequently, there is no identifiable property of the estate. Moreover, Defendants assert and maintain that the payments made to the Defendants were loan repayments of principal and interest made in the ordinary course of business and constitute property of the Defendants.

21. With respect to the allegations contained in Count II of the Complaint herein, as set forth in paragraphs 52 through 57, inclusive: Defendants deny the same.

22. With respect to the allegations contained in Count III of the Complaint herein, as set forth in paragraphs 58 through 63, inclusive: Defendants deny the same.

23. With respect to the allegations contained in Count IV of the Complaint herein, as set forth in paragraphs 64 through 69, inclusive: Defendants deny the same.

24. With respect to the allegations contained in Count V of the Complaint herein, as set forth in paragraphs 70 through 75, inclusive: Defendants deny the same.

25. With respect to the allegations contained in Count VI of the Complaint herein, as set forth in paragraphs 76 through 81, inclusive: Defendants deny the same.

26. With respect to the allegations contained in Count VII of the Complaint herein, as set forth in paragraphs 82 through 85, inclusive: Defendants deny the same.

## STATEMENT OF AFFIRMATIVE DEFENSES

27. As and for their first affirmative defense: Defendants state and allege that the Complaint herein, and all of its sections and parts, fails to state a cause of action upon which relief may be granted.

28. As and for their second affirmative defense: Defendants state, allege, aver and maintain that:

   a. All of the transactions complained of occurred between June 1999 and June 2001;

    b.   The applicable statutes of limitations establish either a two-year or six-year bar on actions;

    c.   The subject transactions all occurred more than nine years before the commencement of this case, and more than eleven years prior to the commencement of this action.

29.   Defendants anticipate that the Plaintiff will argue that the applicable statutes of limitations are tolled on principles of equitable tolling. In anticipation of such assertion, the Defendants deny that the principles of equitable tolling apply in this case, and deny that they apply to Defendants in particular.

30.   In support of this position, the Defendants state, allege, aver and maintain that the Defendants had no cause or reason to believe that the transactions in which they participated with the Petters Entities were in any way irregular or anything out of the ordinary course.

31.   The returns were consistent with the types of other investments and loans made by the Defendants with other third parties during the same time frame and in the same context; and that in the context of the particular transactions, the terms were fair and reasonable and should be considered in the ordinary course.

32.   Defendants affirmatively assert and maintain that they had no knowledge, information or belief that would or should have generated any suspicion about the transactions in which they engaged or about the nature of the Petters Entities.

33. Defendants deny that they engaged in any conduct whatsoever that would warrant equitable tolling of the applicable statutes of limitations.

34. If, as the Plaintiffs maintain, the transactions at issue were so irregular and out of the ordinary course, and for other reasons, the Defendants assert and maintain that the alleged fraud was discoverable at a point in time prior to the appointment of a receiver.  Consequently, the Defendants assert and maintain that either the statute of limitations is not subject to the principle of equitable tolling; or that the equitable tolling stopped or should have stopped at a point in time prior to the appointment of a receiver and that the transactions at issue here still lie outside of the applicable statutes of limitations, even if those limitations were tolled for some period of time.  Defendants further state, allege, aver and maintain that there are or should be equitable limitations of the principles of equitable tolling and that these transactions are so remote that it would be unfair, unreasonable and inequitable to toll the statute of limitations with respect to these transactions and these parties.

FOR THE FOREGOING REASONS, Defendants demand that the Complaint be dismissed and that the Plaintiff take nothing by his pretended causes of action herein.

Respectfully submitted,

**Joseph W. Dicker, P.A.**

Dated:  February 18, 2011        /e/ Joseph W. Dicker
Joseph W. Dicker (158264)
Suite 209
1406 West Lake Street
Minneapolis, MN  55408
Telephone:  (612) 827-5941